UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

SHON HOPPER,
On behalf of himself and all others similarly situated                      PLAINTIFF

v.                                                                       CIVIL ACTION NO. 4:12-cv-00100-CRS

NEW BUFFALO CORPORATION                                                  DEFENDANT

### MEMORANDUM OPINION

Plaintiff Shon Hopper fell approximately 21 feet from his tree stand and sustained severe injuries. When Hopper hung his tree stand, he disregarded the included instructions, set aside the included tree stand straps, and instead used ratchet tie down straps he purchased separately. *See* Hopper Dep. 31 & 36, ECF 73-1. These separate straps were labeled for use in securing equipment in transport. Ratchet Tie Down Packaging, ECF No. 72-3. Defendant New Buffalo Corporation ("New Buffalo") distributes the ratchet tie down straps Hopper used in attempting to secure his tree stand. After his fall, Hopper brought this action against New Buffalo alleging claims of strict and negligent product liability, breach of warranty, and violation of the Kentucky Consumer Protection Act, as well as seeking an injunction.

Hopper and New Buffalo both move for summary judgment. Hopper also moves to exclude New Buffalo's expert evidence. The Court will grant New Buffalo's motion for summary judgment and deny Hopper's motions. The Court will dismiss Hopper's claims with prejudice.

1

## STANDARD

Before granting a motion for summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The non-moving party must show that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

1. Product Liability Claims

The Kentucky Product Liability Act governs product liability actions. KRS § 411.300 et seq. A plaintiff may advance three causes of action against a product's commercial seller or manufacturer: (1) strict liability; (2) negligence; and (3) breach of warranty. *See Williams v. Fulmer*, 695 S.W.2d 411, 413 (Ky. 1985). Furthermore, the Commonwealth recognizes three product liability theories: (1) defective design; (2) defective manufacture; (3) and failure to warn. *See Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247, 251 (Ky. 1995). In any product liability claim, the plaintiff must prove a defect existed and legal causation. *See Morales v. Am. Honda Motor Co.*, 71 F.3d 531, 537 (6th Cir. 1995).

a. *Strict and Negligent Product Liability*

2

Hopper alleges a strict and negligent product liability claim against New Buffalo under a theory of defective design and failure to warn.

> A plaintiff in Kentucky can bring a defective design claim under either a theory of negligence or strict liability. The foundation of both theories is that the product is 'unreasonably dangerous'.... So under either theory, it is the legal duty of a manufacturer to use reasonable care to protect against *foreseeable dangers*.

*Ostendorf v. Clark Equip. Co.*, 122 S.W.3d 530, 535 (Ky. 2003) (emphasis added). Likewise, the duty to adequately warn is confined to foreseeable dangers. *See Prather v. Abbott Labs.*, 960 F. Supp. 2d 700, 709 n.10 (W.D. Ky. 2013) ("Importantly, the manufacturer's duty to adequately warn is confined to *foreseeable dangers*."); *Low v. Lowe's Home Centers, Inc.*, 771 F. Supp. 2d 739, 742 (E.D. Ky. 2011). To successfully prove strict or negligent product liability under a theory of defective design or failure to warn, Hopper must establish that a foreseeable danger of distributing its ratchet tie down straps included their use and subsequent failure in securing a tree stand. New Buffalo has proven Hopper cannot meet this burden.

First, the product packaging says, "Use To Secure Equipment During Transport." Ratchet Tie Down Packaging. This text is positioned prominently on the packing, directly beneath the product name, "Ratchet Tie Down." *Id.* Therefore, the package's stated use is for transportation purposes. There are no markings to suggest the ratchet tie down straps were intended for any other use. This is supported by detailed descriptions in New Buffalo catalog material, which describes the items as intended to "secure loads in the truck bed, on the trailer, or on the roof of the SUV[.]" *See, e.g.*, New Buffalo Online Catalog, ECF No. 12-4.

While a foreseeable use of a product may not always be stated on product packaging, Hopper's use of the straps to hang his tree stand was not a foreseeable probable use or misuse. *See Jones v. Hutchinson Mfg., Inc.*, 502 S.W.2d 66 (Ky. 1973). Hopper argues that a ratchet tie

3

down strap is used to secure items; therefore using ratchet tie down straps to secure a tree stand is a foreseeable use. To support this proposition, Hopper cites himself, his cousin, his cousin's friends, one Amazon.com customer review, and an inapposite Sixth Circuit case focusing on the admissibility of expert testimony. Pl.'s Resp. 8 – 12, ECF No. 83; *Bradley v. Ameristep, Inc.*, 800 F.3d 205 (6th Cir. 2015). This is insufficient. A product designed to secure items in a truck bed or in a trailer is a different product than one designed to secure a platform to a tree over 20 feet in the air. These are wholly different purposes.

Even assuming Hopper was able to show the ratchet tie down straps were defective, he must also show his particular misuse was foreseeable. Hopper has not met its burden to show that New Buffalo foresaw this misuse. As Hopper misused the straps, he cannot, as a matter of law, recover for strict or negligent product liability.

The Court will grant summary judgment to New Buffalo on Hopper's strict and negligent product liability claims.

b. *Breach of Warranty*

The Sixth Circuit has said that the "scope of a product warranty is limited to the product's intended use." *Overstreet v. Norden Labs., Inc.*, 669 F.2d 1286, 1290 (6th Cir. 1982) (construing Kentucky law). "Use of a product contrary to its directions will preclude recovery for breach of an express warranty." *Id.*; *see also Robertson's Battery Terminal, Inc. v. Pac. Chloride, Inc.*, 961 F.2d 1578 (6th Cir. 1992). Assuming a valid warranty existed in this case, Hopper misused the ratchet tie down straps in a manner unforeseeable to New Buffalo, as discussed in Part 1(a). Therefore, Hopper cannot be successful in his breach of warranty claim as he used the ratchet tie down straps contrary to their intended use.

The Court will grant summary judgment to New Buffalo on Hopper's breach of warranty claim.

2. <u>Kentucky Consumer Protection Act Claim</u>

The Kentucky Consumer Protection Act "is remedial legislation enacted to give consumers broad protection from illegal acts." *Arnold v. Microsoft Corp.*, No. 00–CI–00123 (Ky. Cir. Ct. July 21, 2000). To assert a cause of action under the Kentucky Consumer Protection Act, Hopper must allege that New Buffalo engaged in "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." KRS § 367.170(1). The statute indicates that "unfair shall be construed to be mean unconscionable." K.R.S. § 367.170(2). Kentucky courts have stressed that "false, misleading and deceptive have meanings which are generally well understood by those who want to understand them." *Dare To Be Great, Inc. v. Commonwealth*, 511 S.W.2d 224, 227 (Ky. 1974).

Hopper has offered no evidence that New Buffalo acted in an unconscionable, false, misleading, or deceptive way in selling the ratchet tie down straps. As discussed previously, New Buffalo marketed the straps for use in securing items during transportation. For example, the company included prominent markings on the packaging describing their intended use and detailed descriptions in company catalogs that support this sole marketing intention. *See* Ratchet Tie Down Packaging; New Buffalo Online Catalog.

While the ratchet tie down strap packaging did state that the product could withstand 750 pounds of capacity, this can only reasonably be read within the context of its stated use – for securing items during transportation. Hopper argues the 750 pound label was misleading or deceptive. Pl.'s Resp. 15. If New Buffalo did not prominently include how consumers were

5

intended to use the product, then Hopper may have the beginnings of a fruitful claim. However, New Buffalo stated on the front of the packaging the product's intended use for transportation purposes.

New Buffalo did not act in an unconscionable, false, misleading, or deceptive manner in alerting the consumer to how to use its product and its constraints in that particular environment. Therefore, Hopper cannot successfully allege a claim under the Kentucky Consumer Protection Act.

The Court will grant summary judgment to New Buffalo on Hopper's Kentucky Consumer Protection Act claim.

3. Injunction

Hopper alleges a "count" of injunctive relief. Am. Compl. 16 – 17. "'Injunctive relief' is not a cause of action, it is a remedy." *Thompson v. JPMorgan Chase Bank, N.A.*, 563 F. App'x 440, 442 n.1 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 494 (2014) *reh'g denied*, 135 S. Ct. 1171 (2015). A claim for injunctive relief is a misnomer and appropriately pleaded as relief for a particular claim.

The Court will grant summary judgment to New Buffalo on Hopper's improperly pleaded claim of injunctive relief.

4. Class Certification

Hopper agrees to dismiss his class certification claim. Pl.'s Resp. 15.

The Court will dismiss Hopper's class certification claim.

5. Hopper's Motion in Limine

Hopper moves the Court to exclude the testimony of New Buffalo's expert, Alan Pearlman, under Fed R. Evi. 702. ECF No. 71. The Court has not relied on Pearlman's testimony in granting New Buffalo's motion for summary judgment. Therefore, Hopper's motion is moot.

The Court will deny Hopper's motion to exclude expert testimony as moot.

## CONCLUSION

The Court will grant New Buffalo's motion for summary judgment and dismiss Hopper's claims with prejudice.

The Court will enter a separate order in accordance with this opinion.

May 25, 2016

**Charles R. Simpson III, Senior Judge
United States District Court**